### UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

VOLLMER ELECTRIC COMPANY, INC.,

      Plaintiff,

v.                                                                         CIVIL NO. SA-06-CA-360-PM

UNITED STATES OF AMERICA,

      Defendant.

## MEMORANDUM DECISION AND ORDER

Pursuant to the consent of the parties in the above-styled and numbered cause of action to trial by the undersigned United States Magistrate Judge[1] and consistent with the authority vested in the United States Magistrate Judges under the provisions of 28 U.S.C. § 636 (c)(1) and Appendix C, Rule 1(I) of the Local Rules for the Assignment of Duties to United States Magistrate Judges in the Western District of Texas, the following Memorandum Decision and Order is entered.

## I.  JURISDICTION

Plaintiff's original complaint alleges federal question subject matter jurisdiction pursuant to 28 U.S.C.§§ 1331 and 1340 and 26 U.S.C. § 6330.  Defendant's amended answer admits federal subject matter jurisdiction exits to review a determination of Internal Revenue Service ("IRS") Appeals.

## II.  PROCEDURAL HISTORY

Plaintiff, Vollmer Electric Company, Inc. ("plaintiff" or "Vollmer Electric"), initiated this

---

[1] Docket nos. 8, 14, and 16.

lawsuit on April 27, 2006, by filing its original complaint "to review the Internal Revenue

Service's Notice of Determination concerning collection actions under Section 6320 and 6330 of

the Internal Revenue Code determined on March 30, 2006."[2]  Among other things, plaintiff

alleges that it has been in business since 1924 and has "never had a withholding of payroll taxes

problem until" approximately 2000 when, according to plaintiff, it appears its "in-house

bookkeeper . . . embezzled funds . .  and failed to file the 941 reports and pay the withholding

taxes as she had represented to the taxpayer's President, Mr. Ferdinand J. Vollmer."[3]  Plaintiff

alleges the "Corporation is attempting to bring all their filing requirements current."[4]  Further,

plaintiff alleges: it "is challenging the underlying liability stating the amounts claimed as tax on

the 941's may be incorrect," the IRS "committed error" in not sustaining the challenges to the

underlying liability and/or not "postponing any lien filing until these matters were resolved," or

"until the filing and payment of the 941 taxes had been accomplished."[5]  Finally, plaintiff alleges

the notice of federal tax lien "is unnecessarily intrusive and that the equities with regards to

taxpayer's concern about the intrusive collection action outweighs the need for efficient collection

of the tax."[6]  As relief, plaintiff asks the Court to "reverse the March 30, 2006 Notice of

Determination sustaining the filing and Notice of Federal Tax Lien for" 19 periods in 2000, 2001,

---

[2]  Docket no. 1 at 2.

[3]  Id. at 3.

[4]  Id.

[5]  Id. at 4.  If the 941 taxes and any required payments to IRS had been or were made, there apparently would be no basis for IRS to file the challenged lien.

[6]  Id.

2002, 2003 and 2004, listed in the complaint.[7]  The complaint seeks an Order to require the IRS to withdraw a notice of federal tax lien filed regarding the past-due employment taxes as it would "enhanc[e] the taxpayer's ability to do business," make money, and make the required payments.[8]

On July 3, 2006, the United States filed its original answer to the complaint.[9]  On July 7, 2006, the United States filed an amended , through the Tax Division of the United States Department of Justice.[10]   On September 27, 2006, the case was transferred to the undersigned based on the parties' consent.  Pretrial proceedings were conducted pursuant to an original and amended scheduling orders.[11]

On May 29, 2007, the United States filed a motion for summary judgment and four exhibits in support.[12]  On June 18, 2007, plaintiff filed its four-page response and two affidavits in support.[13]  On July 2, 2007, the United States filed its reply.[14]

### III.  ISSUE

Whether the United States is entitled to summary judgment on plaintiff's challenge to the IRS Appeals' determination to sustain a federal tax lien notice filed against Vollmer Electric.

---

[7]  Id. at 5.

[8]  Id. at 3.

[9]  Docket no. 5.

[10]  Docket nos. 7, 10, 11.

[11]  Docket nos. 12, 15, 20.

[12]  Docket no. 22.

[13]  Docket no. 28.

[14]  Docket no. 29.

## IV.  SUMMARY JUDGMENT STANDARD

The standard to be applied in deciding a motion for summary judgment is set forth in

Federal Rule of Civil Procedure 56, which provides in pertinent part as follows:

> The judgment sought shall be rendered forthwith if the pleadings, depositions,
> answers to interrogatories, and admissions on file, together with the affidavits, if any,
> show that there is no genuine issue as to any material fact and that the moving party
> is entitled to judgment as a matter of law.[15]

Mere allegations of a factual dispute between the parties will not defeat an otherwise proper motion

for summary judgment.  Rule 56 requires that there be no genuine issue of material fact.[16]  A fact is

material if it might affect the outcome of the lawsuit under the governing law.[17]  A dispute about a

material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the

nonmoving party.[18]  Therefore, summary judgment is proper if, under governing laws, there is only

one reasonable conclusion as to the verdict; if reasonable finders of fact could resolve a factual issue

in favor of either party, summary judgment should not be granted.[19]

The movant on a summary judgment motion bears the initial burden of providing the court

with a legal basis for its motion and identifying those portions of the record which it alleges

---

[15] FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).

[16] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247, 106 S.Ct. 2505, 2510 (1986).

[17] Id. at 248, 106 S.Ct. at 2510; Thomas v. LTV Corp., 39 F.3d 611, 616 (5th Cir. 1994).

[18] Anderson, 477 U.S. at 248, 106 S.Ct. at 2510; Wise v. E.I. DuPont De Nemours & Co., 58 F.3d 193, 195 (5th Cir. 1995).

[19] Anderson, 477 U.S. at 249, 106 S.Ct. at 2510.

4

demonstrate the absence of a genuine issue of material fact.[20]  The burden then shifts to the party opposing the motion to present affirmative evidence in order to defeat a properly supported motion for summary judgment.[21]  All evidence and inferences drawn from that evidence must be viewed in the light favorable to the party resisting the motion for summary judgment.[22]  Thus, summary judgment motions permit the Court to resolve lawsuits without the necessity of trials if there is no genuine dispute as to any material facts and the moving party is entitled to judgment as a matter of law.[23]

When plaintiff moves for summary judgment, it must affirmatively demonstrate that there is no genuine issue of material fact as to each element of its causes of action.[24]  If defendant as the non-movant cannot provide some evidence to showing a genuine issue of fact, summary judgment is appropriate.[25]

## V.  ARGUMENTS and ANALYSIS

### A.  Summary of Uncontested Facts

For purposes of summary judgment, and except as noted, the parties do not appear to

---

[20]  Celotex, 477 U.S. at 323, 106 S.Ct. at 2553.

[21]  Anderson, 477 U.S. at 257, 106 S.Ct. at 2514.

[22]  Hibernia Nat'l Bank v. Carner, 997 F.2d 94, 97 (5th Cir. 1993).

[23]  Fields v. City of South Houston, Tex., 922 F.2d 1183, 1187 (5th Cir. 1991).

[24]  Fontenot v. Upjohn Co., 780 F.2d 1190, 1195 (5th Cir. 1986).

[25]  Stahl v. Novartis Pharmaceuticals Corp., 283 F.3d 254, 263 (5th Cir.), cert. denied, 537 U.S. 824, 123 S.Ct. 111 (2002).

contest the following facts and procedural history of the underlying tax proceedings:[26]

On or about March 1, 2004, the IRS assessed past due taxes, penalties and interest for failure to file Forms 941 and failure to pay withholding taxes for each of the four quarters in 2000 through 2003.  On or about August 19, 2005, the IRS provided notice of a federal tax lien to secure payment of the amounts owed.  On or about October 20, 2005, Vollmer Electric asked the IRS to set aside the lien, as it was impairing its ability to earn money and pay taxes and asked that all penalties be abated because the failure to pay the taxes was due to an employee's embezzlement.

On or about November 18, 2005, the IRS mailed a letter to Vollmer Electric's attorney Charles Bondurant, also holding a power of attorney (POA) for Vollmer Electric's dealings with IRS, scheduling a hearing on Vollmer Electric's timely request for a "collection due process hearing" with IRS Appeals.[27]  At Vollmer Electric's request, the hearing was rescheduled from December 14, 2005 to January 11, 2006 to February 6, 2006.  Vollmer Electric explained that it was obtaining bank records and reconstructing information to be able to file the required returns.  Mr. Al Seguin, its CPA and a POA, told IRS "they feel like they may not even owe the tax."

---

[26]  Vollmer Electric, through this federal case, seeks review of the actions of IRS Appeals and, of course, contests their propriety.  As discussed further below, in part the standard of review applicable in this Court is an abuse of discretion standard.  In other part, the standard of review is a de novo standard.  Under either standard, this Court is examination the actions of IRS Appeals. As Vollmer Electric has produced no summary judgment evidence or challenge to the description of what happened, a summary of the conclusions of IRS Appeals is included in this sub-section.

[27]  The IRS activity records indicate that the IRS believed it was "a bit of a stretch" that no returns were filed for three years "and the corporate officers did not have a clue that anything was amiss."  Accordingly, IRS requested detailed information on when the embezzlements started and ended, when they were discovered, and what the President of the company had done to oversee the IRS returns.  Vollmer Electric submitted the requested information.

At the February 6, 2006, hearing, Vollmer Electric, represented by both Mr. Seguin and Mr. Bondurant, challenged both the liability amounts and the appropriateness of the liens.  In brief, Vollmer Electric argued the delinquencies were caused by an employee's embezzlement discovered in 2003, the liability amounts "may be incorrect," and the lien notice impaired Vollmer Electric's ability to earn funds to pay the owed back taxes.  IRS Appeals declined to set aside the lien notice, declined to reduce the liability amount, and declined to approve an installment plan with monthly payments of $568.  IRS Appeals explained that it was not (yet) levying on any lien, but that it declined to set aside any lien filed to protect its right to repayment.

More specifically, IRS Appeals declined to reduce the liability on the ground Vollmer Electric had produced no evidence to show how the liability amounts were incorrect.[28]  IRS Appeals declined to set aside the liens on the ground that none of the statutory conditions supporting a lien release had been established and Vollmer Electric had produced no evidence to show how releasing the lien would help it repay the back taxes.  IRS Appeals also declined to implement an installment plan, stating the following grounds: Vollmer Electric was non-compliant in the timely filing of its Form 1120 for the tax period ending February 2005, was not compliant for the two quarters prior to the February 8, 2006 hearing, had not yet filed its Form 941 for December 2005, owed delinquent employment tax for the quarter ending September 2005 – long after the embezzlement was discovered, and the proposed monthly payment of $568 per month on a total liability of more than $1.4 million was "inadequate" and would not result in a prompt repayment of the debt.[29]  IRS also noted the net worth of Vollmer Electric's President, as a

---

[28]  See note 26, above, with respect to the matters set out in this paragraph.

[29]  Docket no. 22 at 3-4.

"responsible person," and his personal and unencumbered ownership of the building in which Vollmer Electric is located, valued at $175,000.  IRS explained Vollmer Electric's right to file a petition for review in District Court which would cause some suspension in their case on the administrative level.

On March 30, 2006,[30] the IRS filed Notices of Federal Tax lien "[t]o secure its right to collect the . . . liabilities."[31]

**B.  Summary of Arguments**

The United States' motion for summary judgment argues, in sum, that as of June 12, 2006, Vollmer Electric "owed over $1.4 million in Form 941 employment taxes accrued during every period for the second quarter of 2000 through the fourth quarter of 2004."[32]  Noting that this Court reviews IRS liability determinations under a de novo standard and IRS collection determinations under an abuse of discretion standard, the United States argues Vollmer Electric has not rebutted the presumption of correctness that applies to employment tax liabilities shown on the Form 4340 certificates of assessment, has produced no evidence to show any specific error in the amounts assessed, has produced no case or other authority to support its contention that an employee's malfeasance excuses Vollmer Electric of its responsibility to timely withhold and pay employment taxes, and has not demonstrated any abuse of discretion in IRS's decision not to compromise payment or allow an installment plan given Vollmer Electric's past history of non-compliance and

---

[30]  Id., exhibit 3.

[31]  Id. at 2.

[32]  Docket no. 22 at 2.  The United States emphasizes that the amount was arrived at by using the amounts reported by Vollmer Electric on its "own tax returns" for the applicable quarters.  Id.

that non-compliance continued after the alleged embezzlement was discovered in 2003.[33]  The United States supports its motion with four exhibits: (1) certificates of account transcript for the quarterly employment taxes for the relevant periods, penalties, and interest; (2) account transcripts for the relevant periods dated May 30, 2006; (3) notice of determination dated March 20, 2006 in which the IRS Appeals Office sustained the filed notice of federal tax lien; and (4) the appeals history through March 13, 2006.

In response, Vollmer Electric argues that there is a genuine issue of material fact to preclude entry of judgment as a matter of law regarding "the amount of liability," specifically, that an accountant "who is in the process of preparing (repairing) the 941's for the subject years" would testify that the "tax liability will be potentially zero to substantially much less than what is asserted."[34]  Further, Vollmer Electric argues that the filing of the tax lien impairs its ability to due business and, contrary to the assertions of the United States, contends that "it has complied fully for the last two years with all the returns and the 941's required, and that previously for 75 years there has never been a problem with withholding taxes by Plaintiff or its predecessor."[35]  Vollmer Electric submits two affidavits in support of its opposition to entry of summary judgment: (A) affidavit of Albert R. Seguin, C.P.A., who testifies that he is "in the process of amending original 941's filed for 2000 through 2004, based upon the revised and corrected payroll records," he has "an outline of what I will do for each quarter from 2000 to 2004," and he estimates amended 941

---

[33]  Id. at 2-9.

[34]  Docket no. 28 at 2.

[35]  Id.

tax liability for 2000 to 2004 "is substantially less than reported by at least 80 percent;"[36] and (B) affidavit of Ferdinand J. Vollmer, III, the President of Vollmer Electric, who testifies that he believes his former bookkeeper embezzled the money that should have been deposited to pay the withholding, he has hired Mr. Seguin to prepare correct 941's for 2000 through 2004 "and he is in the process of doing so," the company has complied fully from 1924 to 2000, are trying to remedy the problem for 2000 through 2003, and, "for the most part," have complied since 2003, and the existence of the federal tax lien "has been an encumbrance on our ability to do business."[37]

In reply, the United States argues that, contrary to Vollmer Electric's argument and characterization, the affidavit from Vollmer Electric's accountant does not overcome the presumption of correctness of the IRS Form 4340 transcripts as the accountant "merely speculates what an accountant might find if he reviewed the accounting records and prepared amended Form 941's[, . . . and] admits, however, that no review has been completed and no returns have been prepared."[38]  Merely preparing "an outline of what I will do for each quarter from 2000 to 2004" does not provide evidence of the basis for an actual dispute as to a material fact.[39]

### C.  Withholding Tax Requirements

The Internal Revenue Code requires employers to withhold from employees' wages federal income taxes and the employees' share of the Federal Insurance Contribution Act (FICA)

---

[36]  Id. exhibit A at 1.

[37]  Id., exhibit B at 1-2.

[38]  Docket no. 29 at 1.

[39]  Id., quoting docket no. 28, exhibit A at 1 (emphasis added by the United States to the language quoted).

taxes.[40]  The employer holds these funds "in trust" for the United States.[41]  Employers are required

to pay over the withheld taxes to the United States at quarterly intervals and are not entitled to use

the funds for the business.[42]  When a corporate employer fails to pay over the trust funds, the

government credits the taxes against the employees' personal income tax liability and the

employees' FICA account.  But, to ensure collection of these amounts, § 6672(a) of the Code

imposes on the employer a penalty equal to the entire amount of the unpaid taxes on "any person"

required to collect, account for, or pay over the withheld taxes who "willfully" fails to do so.

Liability for the penalty is established only if a person is a "responsible person" who "willfully"

failed to pay over the withheld taxes.[43]

### D.  Analysis

This Court reviews IRS liability determinations under a de novo standard of review.[44]

The United States' submission of the certificates of assessment shifts the burden to the plaintiff

because the Commissioner's determination of a tax deficiency is presumed to be correct.[45]

Therefore, Vollmer Electric has the ultimate burden of proving by a preponderance of the

---

[40]   26 U.S.C. §§ 3102 and 3402.

[41]   26 U.S.C. § 7501(a).

[42]   Treasury Reg. § 31.60711.

[43]   The IRS penalty in question generally is referred to as a 100 % penalty because the amount of the penalty is equal to the amount of taxes that were withheld but not paid to the IRS.  Thus, the penalty is merely a means to collect taxes withheld but not paid, to make the government whole, but is not otherwise penal

[44]   H.R.Conf. Rep. 105-599, at 266 (1998); see also Danner v. United States, 208 F.Supp. 2d 1166, 1171 (E.D.Wash. 2002); Sego v. Commissioner, 114 T.C. 604, 610 (2000).

[45]   Horsnby v. Internal Revenue Service, 588 F.2d 952, 953 95th Circ. 1979).

evidence that it did <u>not</u> willfully fail to pay over the employment taxes in the quarters in issue.[46]

For purposes of defeating summary judgment, Vollmer Electric argues and must raise a genuine

---

[46] <u>Barnett</u>, 988 F.2d at 1453; <u>Morgan v. United States</u>, 937 F.2d 281, 285 (5th Cir. 1991); Fifth Circuit Pattern Jury Instruction, Civil, § 12.6 (West, 2006).

Vollmer Electric is not contesting that its President, Mr. Ferdinand J. Vollmer, III, is the "responsible person" who has the power to see that taxes are paid. Plaintiff's opposition to summary judgment represents that Mr. Vollmer signed the 941's prepared by the former bookkeeper. Docket no. 28 at 2. "The term 'responsible person' includes any person who is connected or associated with the corporation-employer in such a manner that he has the power to see that taxes are paid, or the power to make final decisions concerning the corporation, or the power to determine which creditors are to be paid and when they are to be paid." Fifth Circuit Pattern Jury Instruction, Civil, § 12.6. "The term 'responsible person' is very broad and may include employees, stockholders, sureties, lenders and others outside the formal corporate organization." <u>Garrett v. McIntosh,</u> 88-1 U.S.T.C. ¶ 9330 at 83,864 (W.D. Tex. Mar. 25, 1988). A corporation can have more than one "responsible person" who is liable for the 100 percent penalty. Fifth Circuit Pattern Jury Instruction, Civil, § 12.6. The Fifth Circuit in <u>Barnett</u> has stated that its expansive construction of who is a responsible person under section 6672 is prophylactic in that it encourages officers and directors and other high level employees to stay abreast of withholding and payment of employees' taxes: "We believe it is not only a bad business practice for a high level company official like Barnett to fail to monitor his company's finances, it also subjects him to being held a responsible party under 6672." <u>Barnett</u>, 988 F.2d at 1457. The characteristics of the individual who the Court has considered include whether or not the person: is an officer and member of the Board; owns substantial stock; is a day-to-day manager; has authority to hire and fire; makes decisions as to disbursements of funds and payment of creditors; has authority to sign company checks. <u>Barnett</u>, 988 F.2d at 1455; <u>Brown v. United States</u>, 464 F.2d 590, 591 (5th Cir. 1972), <u>cert. denied</u>, 410 U.S. 908 (1973).

Vollmer Electric also does not appear to be contesting that the failure to pay the required withholding taxes was willful, as defined by the statute. Willfulness under section 6672 requires a voluntary, conscious and intentional act, not bad motive or evil intent. Fifth Circuit Pattern Jury Instruction, Civil, § 12.6. The burden of showing lack of wilfulness is on the taxpayer. <u>Bowen</u>, 836 F.2d at 968; <u>Morgan</u>, 937 F.2d at 285. Wilfulness is normally proved by evidence that the responsible person paid other creditors with knowledge that withholding taxes were due at the time of the government. <u>Howard,</u> 711 F.2d at 736 (wilfulness requires showing of a "considered decision not to fulfill one's obligation to pay taxes owed, evidenced by payments made to other creditors in knowledge that taxes are due.") Wilfulness is also established if the responsible person acted with reckless disregard of a known or obvious risk that tax withholding would not be paid over to the government. <u>Newsome v. United States</u>, 431 F.2d 742, 746 (5th Cir. 1970) (individual "subjects himself to liability under 6672 when he voluntarily and consciously 'risks' the withheld taxes in the operation of the corporation. . . ."); <u>Morgan</u>, 937 F.2d at 285. Reckless disregard includes failure to investigate or correct mismanagement after being notified that withholding taxes had not been paid. <u>Morgan</u>, 937 F.2d at 285 (mere negligence does not establish wilfulness); <u>McCray v. United States</u>, 910 F.2d 1289, 1290 (5th Cir. 1990), <u>cert. denied</u>, 499 U.S. 921 ( 1991).

issue of material fact to show the amounts assessed by the IRS are incorrect.   With respect to plaintiff's challenge to the decision of IRS Appeals not to approve an installment plan, this Court reviews IRS collection determinations under an abuse of discretion standard.[47]   Therefore, with respect to its challenge to the collections determination, Vollmer Electric argues and must raise a genuine issue of material fact to show the IRS Appeals abused its discretion when it decided not to allow Vollmer Electric to make installment payments of approximately $568 per month on its $1.4 million employment tax liability.

It appears that since 2004, Vollmer Electric has been "in the process" of filing the amended Forms 941 and paying the payroll taxes for 2000 to 2004.  Although certainly this would be a time-consuming process, Mr. Seguin was retained more than two years ago, in 2004, to accomplish the task.  For Mr. Seguin simply to report, in June, 2007, that he remains  "in the process of amending original 941's filed for 2000 through 2004, based upon the revised and corrected payroll records," and has "an outline of what I will do for each quarter from 2000 to 2004," does not show that IRS Appeals, under a de novo review standard, erred when concluding that liens should be filed to secure the IRS's right to seek payment of a relatively significant sum of money owed the Government arrived at by using plaintiff's "own tax returns" and the "self-assessed" amounts reported by Vollmer Electric on its own tax returns.[48]  Although Mr. Seguin attests he has "personal knowledge of the facts because he has reviewed the relevant records and "estimate[s]" that the 941 tax liability for 2000 to 2004 "is substantially less than reported by at least 80 percent" in the draft amended returns he has prepared or is preparing, he does not attest

---

[47]   See note 44, above.  See also 26 U.S.C. § 6330(c)(2)(A).

[48]   Docket no. 22 at 2.

any amended return has been filed, does not tender any supporting documentation or calculations for his "estimate[]," and does not tender any proposed draft amended return.  Mr. Vollmer similarly testifies that Mr. Seguin is "in the process" of preparing correct Forms 941, not that they have been prepared.  Under these circumstances, perhaps to accomplish more delay in the execution of any levy on a lien, there is some substance to the United States' contention that "[i]n effect, Vollmer is asking the Court to force the IRS to accept amended tax returns that have not yet been prepared,"[49] clearly not sufficient to defeat judgment as a matter of law.

Even if Vollmer Electric had prepared amended returns with concrete liability amounts capable of being reviewed by IRS and the Court, courts generally hold that the IRS would not be required to accept them.[50]  As explained by the Third Circuit in Miskovsky v. United States:

> It would be utterly disruptive of the administration of the tax laws if a taxpayer could disregard his return and automatically change an assessment based thereon by making an amended return in his favor long after the expiration of the time for filing the original return.[51]

That the initial problem with the employment taxes arose from the alleged embezzlement of funds by a former bookkeeper does not provide an exception to the rule.[52]  Here, if IRS were to allow amended Forms 941 to be filed, IRS would be required to adjust the withheld tax amounts for which employees were given credit in 2000 through 2003 which would, in turn, affect the

---

[49]  Id. at 6.

[50]  E.g., Evans Cooperage Co., Inc. v. United States, 712 F.2d 199, 204 (5th Cir. 1983) ("the treatment of amended returns is a matter of internal administration, and solely within the discretion of the Commissioner").  See also Badaracco v. Commissioner, 464 U.S. 386 (1984).

[51]  414 F.2d 954, 956 (3rd Cir. 1969).

[52]  Pediatric Affiliates v. United States, 2007 WL 1113785, No. 06-1979 (3rd Cir. Apr. 16, 2007).

employee's income tax liabilities – certainly a serious administrative disruption.  Without supporting documentation or other substantiation, Mr. Seguin's "estimate[]" that amended 941s will show less tax liability is speculation, insufficient to raise a genuine issue of material fact regarding the presumption of correctness of the assessments on the Form 4340 certificates or that the IRS wrongly declined to reduce the tax liability secured by the liens.   Indeed, despite the passage of years, the "estimate[]" that the Vollmer Electric's tax liability could be reduced by "at least 80 per cent" is roughly equivalent to the assertion to the IRS in administrative proceedings that they "feel" the tax liability of Vollmer Electric is less that what reported.

Regarding the IRS' decision not to approve an installment plan or to set aside the liens, Vollmer Electric raises no challenge to the notices issued or other statutory and administrative procedures followed prior to the filing of the liens.  Rather, Vollmer Electric argues the IRS should have reduced its tax liability by an amount not specified, should have set aside the liens as they impair Vollmer's ability to raise money, and should have approved the installment plan. Even if the Court disregards an arguable factual dispute about the company's record of tax compliance – the IRS records showing that Vollmer Electric did not have two quarters of compliance in November 2005 - February 2006 versus Mr. Vollmer's testimony that Vollmer Electric has "fully complied for the most part" with the Forms 941 requirements since 2004 – there are ample grounds in the record to conclude IRS did not abuse its discretion when determining a lien notice was a reasonable collection method to secure its position vis a vis any other corporate creditors and it was not appropriate to accept monthly payments of only $568 to satisfy an over-all debt of $1.4 million.  A collection determination is an abuse of discretion when

15

it is "arbitrary and capricious."[53]  The "abuse of discretion" standard is "highly deferential."[54]  As the Fifth Circuit has noted, that the trial court might have exercised the discretion differently is immaterial.[55]  Under these standards, the determination of IRS Appeals must be upheld.

## VI.  CONCLUSION

Based on the foregoing, **IT IS ORDERED** that the United States' motion for summary judgment[56] is **GRANTED**, all relief prayed for by plaintiff is **DENIED** and the Clerk of Court is instructed to enter a **take nothing judgment** against plaintiff.  It is also ordered that plaintiff's cause of action be **DISMISSED WITH PREJUDICE**.

**ORDERED, SIGNED** and **ENTERED** this 11th day of July, 2007.

Pamela A. Mathy
_____
**PAMELA A. MATHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[53]  Kitchen Cabinets, Inc. v. United States, No. 3:00-CV-599-M, 2001 U. S. Dist. LEXIS 2388, at *7 (N.D.Tex. Mar. 6, 2001).

[54]  Siquieros v. United States, No. 04-50980, 2005 WL 673301 (5th Cir. Mar. 23, 2005).

[55]  Id.

[56]  Docket no. 22.

16